Mr. Justice McLEAN
 

 delivered the opinion of the court.
 

 This is an appeal from, the Circuit Court of the United States for the district of Maryland.
 

 On the 30th of-April, 1849, a contract was entered into be-' tween Amos Kendall, as attorney in fact for Samuel E. B. Morse and Alfred Vail of the first part, and the Westérn Telegraph Company of the second part.
 

 In -the agreement, it was stated that the United States had heretofore, granted to Samuel E. B. Morse letters patent for the
 
 *458
 
 magnetic telegraph, known as Morse's Telegraph; and that the ?aid Morse subsequently assigned a portion of his interest in' the said letters patent to Alfred,and Leonard V. Gale; and the said Morse, Gale, and Vail, subsequently, by letters of attorney, recorded among the transfersóf patent rights, constituted Amos Kendall their true, and lawful attorney, for them and in their behalf, .Ac. And whereas the said Western .Telegraph Company are desirous to obtain, in due form, the privileges of said letters patent for lines of telegraph belonging to them between Baltimore and Wheeling, with a branch therefrom to Washington city, and a branch from Brownsville to the city of Pittsburg:
 

 Now, the. said'Amos Kendall,-in consideration of thirty-six thousand dollars paid to .him iñ the stock certificates of the .Western Telegraph Company, hath, as far as he possesses legal •authority, by virtue of the power of attorney aforesaid, or otherwise, granted, assigned, and conveyed, to the Western Telegraph Company, the full and exclusive right to use the invention of the said . Morse, secured by letters patent on the said lines from Baltimore to Wheeling, with branches to Washington and Pittsburg, respectively, for the remainder of the time yet to come in the"'said letters patent, with, the benefit of any extensions and'renewals thereof, it being, understood that the right granted is, to be for one wire only, unless with the consent' of the patentee.
 

 And Francis O; J. Smith conveyed his right to the Western Telegraph Company’s existing lines from Baltimore, in the State of Maryland, to.Wheeling, in the State of Virginia, and in branches to Washington and Pittsburg cities,, in full 'right, on. the 27th of. March, 1857.
 

 These conveyances vested in. the Western Telegraph Company all the right which the. patentee had, on the conditions stated, to, use and enjoy the lines designated for the transmission qf telegraphic messages, in a? full and ample a manner as .the patentee could himself have enjoyed, had no assignment of his right been made. ‘
 

 But it is alleged that another assignment of Morse’s patent was made to .a company from Pittsburg to Philadelphia, and
 
 *459
 
 to another company from Harrisburg to Baltimore, and that, by conspiring with those companies, the Magnetic Company has taken messages at Philadelphia, sent frpm Pittsburg and Wheeling, directed to Baltimore and Washington, and other similar messages from the Harrisburg line directed to Washington; and also messages from Washington and Baltimore, by Philadelphia and Harrisburg, to Wheeling and Pittsburg, and through those points to points further west; and that this was done by uniting the lines or working them together, under a contract, in order that they might get, in conjunction with the other companies, the whole of the business between those points.
 

 The complainants do not seem to be well advised as to w hat means of combination, conspiracy, or contract, the injury complained of has been done; but they'eharge that, by the means alleged, their lines have in a degree been destroyed. They are only able to say that the business on their lines has been diverted by the magnetic lines. And the equitable powers of the court are invoked against the,-injuries complained of.
 

 The bill does not allege any direct infringement of the patent owned by the Western Telegraph Company by the Magnetic Company. Those lines are free to transmit any messages that may be forwarded on them. But the complaint seems to- be, that at the points where the operations of the Western Telegraph cease, whether it be east, north, or west, the messages are not forwarded by the Western Telegraph, but they are, by the means used, diverted from those lines, and sent by circuitous routes, or at least by lines of increased length.
 

 ,It must be expected that great competition will exist in the transmission ofintelligenee, where telegraphic lines havé been established -throughout the country. But it would be difficult to find a remedy fo’r these evils, whether real or supposed, which are not founded on contract. It was in-the power of the Western Telegraph Company to form connections with,other line's, so as to secure uninterrupted communications. But if these precautions have not been observed, and a supposed convenience or dispatch has been deemed a sufficient security for the co-operation of the lines connected with the Western Tele
 
 *460
 
 graph Company, and no contract, express or implied, is shown, the complainant is without remedy.
 

 Men, unless legally bound to certain duties, may, from whim or caprice, indulge their supposed interests or resentments with out responsibility. Unless certain rates of transmitting intelligence have been established, a reduction of such rates, whether done secretly or publicly; will affect the profits on other lines.
 

 Nothing set up in the bill, in the form of a contract, entitles the complainant to relief. A choice of lines may well be exercised, if there be no violation of the patent, although the circuitous line passes over a greater distance, as this can be no ground of complaint. It violates no contract, and almost necessarily grows out of the competition in this branch of business.
 

 Prom the facts stated in the bill, there seems' to be no-ground for relief. Judgment affirmed.